**TAN LIN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 08–5944–ag.**

United States Court of Appeals, Second Circuit.

Aug. 24, 2009.

Vlad Kuzmin, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Michelle G. Latour, Assistant Director; Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, WILFRED FEINBERG, RICHARD C. WESLEY, Circuit Judges.

***SUMMARY ORDER***

Tan Lin, a native and citizen of the People's Republic of China, seeks review

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

of a November 6, 2008 order of the BIA, affirming the April 5, 2007 decision of Immigration Judge ("IJ") Robert Weisel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tan Lin,* No. A094 788 223 (B.I.A. Nov. 6, 2008), *aff'g* No. A094 788 223 (Immig. Ct. N.Y. City Apr. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–66 (2d Cir. 2008). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin,* 534 F.3d at 167. For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the agency's adverse credibility determination. Indeed, the agency reasonably relied on Lin's inconsistent statements regarding his motivation for joining the Catholic church and the discrepancies in his testimony regarding when he became a Catholic. *See Xiu Xia Lin,* 534 F.3d at 167. Furthermore, the agency reasonably declined to credit Lin's explanations for these inconsistencies. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Although a credibility finding based on an applicant's lack of doctrinal knowledge may be erroneous, we find that the IJ did not err in relying, in part, on the fact that Lin could not explain, to any extent, what it meant to be Roman Catholic despite having purportedly practiced that religion for more than five years. *See Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006) (recognizing that there may be "instances in which the nature of an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect and could therefore provide substantial evidence in support of an adverse credibility finding"). Moreover, contrary to Lin's argument, this is not a case where the IJ erred in failing to probe for additional details regarding his doctrinal knowledge. *See You Hao Yang v. BIA,* 440 F.3d 72, 74 (2d Cir.2006). Nor did the IJ err in relying on Lin's failure to submit sufficient corroborating evidence to rehabilitate his testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence. *See Xiu Xia Lin,* 534 F.3d at 165–66. Thus, the agency properly denied Lin's applications for asylum, withholding of removal, and CAT relief insofar as they were based on his religion. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Lin also argues that the agency erred in denying his application for CAT relief inso-

far as it was based on his illegal departure from China. We have held that an applicant cannot demonstrate that she is more likely than not to be tortured "based solely on the fact that she is part of the large class of persons who have left China illegally" and on generalized evidence indicating that torture occurs in Chinese prisons. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005); *see also Pierre v. Gonzales*, 502 F.3d 109, 118–19 (2d Cir.2007). As Lin provided no basis for the IJ to conclude that he, or someone in his "particular alleged circumstances," faces a risk of torture, substantial evidence supports the agency's denial of his application for CAT relief based on his purported illegal departure from China. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).